# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER LUZINSKI,

    Plaintiff,

v.                                                               Case No. _____

ROBERT MUSEUS,
in his official capacity as Town Administrator,
and in his individual capacity,

JOHN WILSON,
in his official capacity as Police Chief,
and in his individual capacity,

TOWN OF BELOIT, WISCONSIN,
A municipal corporation,

And

ONE OR MORE JOHN DOES,

    Defendants.

---

## COMPLAINT
---

    Comes now, Christopher Luzinski, by his attorney Anne T. Sulton, and for his causes of action against Defendants, alleges:

## JURISDICTION AND VENUE

    1.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 2000d *et seq.* (Title VI), 2000e *et seq.* (Title VII), and 1988, to redress unlawful retaliation for complaints about racial discrimination.

2. This Court is vested with jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, Title VI, Title VII, and 28 U.S.C. §§ 1331 and 1343.

3. This action also is brought pursuant to Wisconsin State law. The Court is vested with jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).

4. The unlawful practices alleged herein were committed within this judicial district. Venue of this action is vested in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Christopher Luzinski has been a police officer with the Town of Beloit since 2005. He is white.

6. Defendant Robert Museus has been the Town Administrator for Defendant Town of Beloit since 2003. He is white. He is one of the individuals involved in making some of the adverse decisions complained of herein. As Town Administrator, Mr. Museus develops and implements personnel policies and practices applicable to all Town employees regardless of title or rank or specific job assignment, and supervises and disciplines all Town employees regardless of title or rank or specific job assignment, including those working in the Town's Police Department, including Plaintiff and Defendant John Wilson. Mr. Museus is a final decision maker or policy maker for Defendant Town of Beloit. Mr. Museus is being sued in both his official and individual capacities.

7. Defendant John Wilson has been the Chief of Police for the Town of Beloit since 2003. He is white. He is one of the individuals involved in making some of the adverse decisions complained of herein. As Town Police Chief, Mr. Wilson develops and implements personnel policies and practices applicable to all Town police officers regardless of title or rank

or specific job assignment, and supervises and disciplines all Town police officers regardless of title or rank or specific job assignment, including Plaintiff. Mr. Wilson is a final decision maker or policy maker for Defendant Town of Beloit's Police Department. Mr. Wilson is being sued in both his official and individual capacities.

8. Defendant Town of Beloit, Wisconsin is a municipal corporation. It employs Defendants Mr. Museus and Mr. Wilson.

9. Defendants One or More John Does, at all times material hereto, was/were employee(s), representative(s) or agent(s) of Defendant Town of Beloit. He/she/they is/are one or more of the individual(s) involved in making some of the materially adverse decisions, and/or taking the materially adverse actions, complained of herein. He/she/they is/are being sued in his/her/their official and individual capacities.

**ADDITIONAL ALLEGATIONS OF FACT FOR ALL CAUSES OF ACTION**

10. Mr. Luzinski incorporates here all previous paragraphs.

11. Mr. Luzinski is fully qualified for his job.

12. From April 6, 2005 to October 2, 2010, Mr. Luzinski was an employee of Defendant Town of Beloit, assigned to work for the Town of Beloit Police Department.

13. Mr. Luzinski was promoted from patrolman to Detective in or about February of 2008.

14. At all times material hereto, Mr. Luzinski satisfactorily performed his job duties. During the summer of 2008, he won a Town of Beloit Performance Award.

15. Mr. Luzinski was a member of the Town's police union, and was elected in 2006 to serve as one of two elected union stewards.

16. In 2003, Mr. Museus was hired as the Town Administrator.

17. In 2003, Mr. Museus selected Mr. Wilson to serve as the Town's police chief. Mr. Wilson reportedly came out of retirement, moving from Arkansas to Wisconsin.

18. Mr. Wilson while in the workplace and while referring to African Americans as niggers, repeatedly told Mr. Luzinski to keep them out of the Town by "hitting" them with traffic tickets and towing their cars.

19. In Mr. Luzinski's presence while in the workplace, Mr. Wilson frequently referred to African Americans as niggers, people from India as towel-heads, and Arabs as "sand-niggers" and said they should go back to the "fucking desert".

20. In 2006, Mr. Luzinski began complaining about and documenting the dates these racist statements were made by Mr. Wilson.

21. Other police officers and Town employees complained to Mr. Luzinski about the racist statements they too were hearing Mr. Wilson frequently make. A Town clerk, Mary Abbeglen, told Mr. Luzinski that she heard Mr. Wilson call a gas station owner a "sand-nigger" and refer to African Americans as "goddamn niggers in Beloit".

22. In addition to complaining about Mr. Wilson's racial slurs, Mr. Luzinski advocated on behalf of a mixed-race police officer. There was one mixed-race police officer working for the Town of Beloit Police Department. The rest of the police officers are white. Mr. Luzinski raised questions about why Mr. Wilson was not allowing the mixed-race police officer to complete his training and why Mr. Wilson was treating the mixed-race officer more harshly than his similarly-situated white co-workers.

23. On or about November 10, 2008, Mr. Luzinski telephoned and spoke with Mr. Greg Groves, chair of the Town Board, to inquire about the steps, if any, the Town Board was taking to address police officer complaints about retaliatory actions being taken by Mr. Wilson against police officers because police officers were complaining about the racist comments being made by Mr. Wilson in the workplace. Mr. Groves did not inform Mr. Luzinski of any remedial steps being taken.

24. On November 24, 2008, Mr. Luzinski told the Town's attorney Alan Levy, of Lindner & Marscak, SC (based in Milwaukee), that Mr. Wilson was using racial slurs in the workplace and mistreating a mixed-race police officer.

25. Defendants took no remedial steps.

26. On or about December 12, 2008, the Town's police union, with Mr. Luzinski serving as union steward, presented to Mr. Museus a written complaint. The written complaint detailed the racial slurs made by Mr. Wilson, the hostile working environment created by Mr. Wilson because of the racial slurs, and union members' fear of retaliation by Mr. Wilson for complaining about Mr. Wilson using racial slurs in the workplace. In this written complaint, members of the police union also alleged that Mr. Wilson, when explaining why he would not include an African American towing company on the Town's list, referred to that company's owner as a "goddamn nigger" and "fucking nigger".

27. Mr. Museus asked Milwaukee-based attorney Levy to conduct an investigation into whether or not Mr. Wilson used racial slurs in the workplace. Mr. Wilson admitted he used racial slurs in the workplace. Attorney Levy's report indicates he found evidence showing Mr. Wilson repeatedly used racial slurs in the workplace.

28. In January 2009, Mr. Museus told Mr. Wilson that he would be given six months to complete a 4-hour racial sensitivity class of Mr. Wilson's choosing and that the Town would pay for him to complete the class. At this time, Plaintiff knows of no evidence indicating that a class was offered by a qualified instructor. When asked to produce documents pertaining to the curriculum content of this class, Mr. Wilson was not able to so do. When asked to produce evidence of completion of the required class, a certificate bearing a May 2009 date was produced spelling the word awareness as "awarness".

29. Members of the police union also attended a Town Board meeting and orally expressed their concerns about Mr. Wilson's racial slurs in the workplace, Mr. Wilson's creation of a hostile working environment, and Mr. Wilson's retaliation against police union members, including Mr. Luzinski, for complaining about Mr. Wilson using racial slurs in the workplace.

30. After learning that police officers were complaining about Mr. Wilson retaliating against them because they complained about Mr. Wilson using racial slurs in the workplace and mistreating a mixed-race police officer, Mr. Museus and the Town Board took no remedial steps to address the police union's and Mr. Luzinski's complaints.

31. Mr. Museus and the Town Board allowed Mr. Wilson to continue his regular activities, which included retaliating against all of the police officers complaining about Mr. Wilson using racial slurs in the workplace and mistreating the mixed-race police officer.

32. On or about January 20, 2009, the Town's police union voted "no confidence" in Mr. Wilson, listing as its reasons for the vote: a) Mr. Wilson using racial slurs in the workplace; b) Mr. Wilson creating a hostile working environment for police officers complaining about Mr. Wilson using racial slurs in the workplace; and c) police union members' fear that Mr. Wilson

would retaliate against them for complaining about Mr. Wilson using racial slurs in the workplace.

33.     Mr. Museus and the Town Board were aware of the police union's "no confidence" vote.  Yet they continued to allow Mr. Wilson to continue his regular activities, which included retaliating against all of the police officers complaining about Mr. Wilson using racial slurs in the workplace.

34.     With Mr. Museus' and the Town Board's knowledge and approval, Mr. Wilson made decisions having an adverse impact on police union members.  Some had their work assignments changed; others were forced to quit their jobs.

35.     The specific materially adverse actions taken against Mr. Luzinski, by Mr. Wilson and of which the Town Board and Mr. Museus were aware and approved, include, but are not limited to the following:

a)     Mr. Wilson removed Mr. Luzinski from his position as detective and reassigned him to the position of patrolman;

b)     Mr. Wilson removed Mr. Luzinski from his position as Town of Beloit Fire Investigator;

c)     Mr. Wilson removed Mr. Luzinski from the evidence technician team;

d)     Mr. Wilson removed Mr. Luzinski from his position as the evidence room manager;

e)     Mr. Wilson removed Mr. Luzinski from his duties attending the Rock County Communications meetings;

f) Mr. Wilson removed Mr. Luzinski from his position as the Rock County Special Investigations Unit member;

g) Mr. Wilson removed Mr. Luzinski from his position as field training officer;

h) Mr. Wilson cancelled several of Mr. Luzinski's training courses and classes, including the death investigation class and the cognitive interviewing class;

i) Mr. Wilson reassigned Mr. Luzinski to work the least desirable 3rd shift; and.

j) Mr. Wilson repeatedly made Mr. Luzinski the subject of internal investigations and audits, which threatened Mr. Luzinski with discipline up to and including termination.

36. With the Town Board's and Mr. Museus' knowledge and approval, Mr. Wilson created a hostile working environment for Mr. Luzinski.

37. Mr. Luzinski was constructively discharged when he notified the Town on September 17, 2010 that he is resigning his job effective October 2, 2010.

## FIRST CAUSE OF ACTION
## (42 U.S.C. §§ 1981 and 1983 AGAINST ROBERT MUSEUS)

38. Mr. Luzinski incorporates here all previous paragraphs.

39. 42 U.S.C. § 1981 protects Mr. Luzinski from retaliation for complaining about racial discrimination.

40. 42 U.S.C. § 1983 provides that every person who, under color of law, subjects, or causes to be subjected, any person to the deprivation of any rights, privileges, or immunities secured by the United States Constitution and laws, shall be liable to the party injured.

41. Mr. Luzinski's § 1981 damages claims against Mr. Museus for § 1981 violations are being brought under § 1983.

42. Mr. Museus was acting under the color of law.

8

43. Mr. Luzinski engaged in protected activity when he opposed racial slurs being used in the workplace and advocated on behalf of a mixed-race police officer.

44. When Mr. Museus allowed Mr. Wilson to retaliate against Mr. Luzinski, Mr. Museus knew the immediate, practical and tangible materially adverse results would include, but not be limited to, Mr. Luzinski would have significantly different job responsibilities, Mr. Luzinski would be effectively demoted, and Mr. Luzinski would experience a hostile working environment.

45. At the time Mr. Museus made the decisions to allow Mr. Wilson to retaliate against Mr. Luzinski, well established were the laws prohibiting employment discrimination in retaliation for complaining about racial discrimination. It was clear to a reasonable official in Mr. Museus' position, as Town Administrator, that his conduct violated Mr. Luzinski's rights to complain about racial discrimination and was unlawful.

46. There exists a causal connection between Mr. Luzinski's protected activity and Mr. Museus' materially adverse actions and omissions, including, but not limited to, the temporal proximity between the date when Mr. Luzinski presented to Mr. Museus the police union's formal written complaint against Mr. Wilson and the date Mr. Wilson effectively demoted Mr. Luzinski.

47. When Mr. Museus allowed Mr. Wilson to engage in the challenged conduct noted herein, Mr. Museus treated Mr. Luzinski less favorably and more harshly than Mr. Luzinski's similarly-situated non-complaining co-workers in the terms and conditions of Mr. Luzinski's employment in retaliation for complaining about racial discrimination.

48. The action or omission of Mr. Museus against Mr. Luzinski is an unlawful employment practice prohibited by 42 U.S.C. §§ 1981 and 1983.

49. The foregoing conduct constitutes intentional illegal discrimination prohibited by 42 U.S.C. §§ 1981 and 1983.

50. The unlawful action or omission of Mr. Museus against Mr. Luzinski, as alleged herein, was taken in malicious, willful, wanton, reckless indifference to, and reckless disregard of Mr. Luzinski's rights as guaranteed by 42 U.S.C. §§ 1981 and 1983.

51. As a direct, foreseeable, and proximate result of Mr. Museus' intentional illegal discriminatory conduct complained of herein, Mr. Luzinski suffered injuries, damages and other losses, including, but not limited to, lost wages and benefits, damage to his reputation, anxiety, personal indignity, humiliation, embarrassment, and emotional distress. These injuries and damages continue into the present and will continue into the foreseeable future.

52. Mr. Luzinski requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION
### (42 U.S.C. §§ 1981 and 1983 AGAINST JOHN WILSON)

53. Mr. Luzinski incorporates here all previous paragraphs.

54. 42 U.S.C. § 1981 protects Mr. Luzinski from retaliation for complaining about racial discrimination.

55. 42 U.S.C. § 1983 provides that every person who, under color of law, subjects, or causes to be subjected, any person to the deprivation of any rights, privileges, or immunities secured by the United States Constitution and laws, shall be liable to the party injured.

56. Mr. Luzinski's § 1981 damages claims against Mr. Wilson for § 1981 violations are being brought under § 1983.

57. Mr. Wilson was acting under the color of law.

58. Mr. Luzinski engaged in protected activity when he opposed racial slurs being used in the workplace and advocated on behalf of a mixed-race police officer.

59. When Mr. Wilson retaliated against Mr. Luzinski, Mr. Wilson knew the immediate, practical and tangible materially adverse results would include, but not be limited to, effectively demoting Mr. Luzinski and creating a hostile working environment for Mr. Luzinski.

60. At the time Mr. Wilson retaliated against Mr. Luzinski, well established were the laws prohibiting employment discrimination in retaliation for complaining about racial discrimination. It was clear to a reasonable official in Mr. Wilson's position, as Town Police Chief, that his conduct violated Mr. Luzinski's rights to complain about racial discrimination and was unlawful.

61. There exists a causal connection between Mr. Luzinski's protected activity and Mr. Wilson's materially adverse actions, including, but not limited to, the temporal proximity between the date when Mr. Luzinski presented the police union's formal written complaint against Mr. Wilson to Mr. Museus and the date Mr. Wilson effectively demoted Mr. Luzinski.

62. When Mr. Wilson engaged in the challenged conduct noted herein, Mr. Wilson treated Mr. Luzinski less favorably and more harshly than Mr. Luzinski's similarly-situated non-complaining co-workers in the terms and conditions of Mr. Luzinski's employment in retaliation for complaining about racial discrimination.

63. The action of Mr. Wilson against Mr. Luzinski is an unlawful employment practice prohibited by 42 U.S.C. §§ 1981 and 1983.

64. The foregoing conduct constitutes intentional illegal discrimination prohibited by 42 U.S.C. §§ 1981 and 1983.

65. The unlawful action of Mr. Wilson against Mr. Luzinski, as alleged herein, was taken in malicious, willful, wanton, reckless indifference to, and reckless disregard of Mr. Luzinski's rights as guaranteed by 42 U.S.C. §§ 1981 and 1983.

66. As a direct, foreseeable, and proximate result of Mr. Wilson's intentional illegal discriminatory conduct complained of herein, Mr. Luzinski suffered injuries, damages and other losses, including, but not limited to, lost wages and benefits, damage to his reputation, anxiety, personal indignity, humiliation, embarrassment, and emotional distress. These injuries and damages continue into the present and will continue into the foreseeable future.

67. Mr. Luzinski requests relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**(42 U.S.C. §§ 1981 and 1983 and TITLE VII AGAINST TOWN OF BELOIT, WISCONSIN)**

68. Mr. Luzinski incorporates here all previous paragraphs.

69. 42 U.S.C. § 1981 and Title VII protect Mr. Luzinski from retaliation for complaining about racial discrimination.

70. 42 U.S.C. § 1983 provides that every person who, under color of law, subjects, or causes to be subjected, any person to the deprivation of any rights, privileges, or immunities secured by the United States Constitution and laws, shall be liable to the party injured.

71. Mr. Luzinski's § 1981 and Title VII damages claims against the Town for § 1981 and Title VII violations are being brought under § 1983.

72. The Town of Beloit was acting under the color of law.

73. Mr. Luzinski timely filed complaints with the Wisconsin Equal Rights Division.

74. Mr. Luzinski engaged in protected activity when he opposed racial slurs being used in the workplace and advocated on behalf of a mixed-race police officer.

75. The Town of Beloit was aware of Mr. Luzinski's complaints of racial discrimination and retaliation, including the hostile work environment being created by Mr. Wilson against Mr. Luzinski. The Town had an opportunity to prevent the harm from occurring, but took no remedial steps to address Mr. Luzinski's complaints of intentional illegal discrimination. The Town's failure to act caused Mr. Luzinski to suffer harm.

76. The Town approved, condoned, and/or ratified the intentional illegal discriminatory conduct of its employees, Mr. Museus and Mr. Wilson, and/or the Town purposely ignored its employees' intentional illegal discriminatory conduct.

77. Alternatively and in combination, the Town's deliberately indifferent failure to ensure adequate EEO training, EEO compliance, monitoring and/or supervision of Town employees' conduct has caused, and threatens to continue causing, violations of Mr. Luzinski's statutory rights.

78. The Town violated 42 U.S.C. § 1983, when acting under the color of law, it intentionally illegally denied Mr. Luzinski's rights to be free from retaliation as guaranteed by 42 U.S.C. § 1981 and Title VII.

79. The Town's acts and omissions were carried out pursuant to its policies and/or practices.

80. The foregoing conduct constitutes intentional illegal discrimination prohibited by 42 U.S.C. §§ 1981 and 1983, and Title VII.

81. The unlawful actions taken against Mr. Luzinski, as alleged herein, were taken in malicious, willful, wanton, reckless indifference to, and reckless disregard of Mr. Luzinski's rights as guaranteed by 42 U.S.C. §§ 1981 and 1983, and Title VII.

82. As a direct, foreseeable, and proximate result of the Town's intentional illegal discriminatory conduct complained of herein, Mr. Luzinski suffered financial losses, injuries, and other damages. These injuries and damages continue into the present and will continue into the foreseeable future.

83. Mr. Luzinski requests relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**(42 U.S.C. §§1983 AND 2000d, TITLE VI AGAINST TOWN OF BELOIT, WISCONSIN)**

84. Mr. Luzinski incorporates here all paragraphs alleged above.

85. 42 U.S.C. § 1983 provides that every person who, under color of law, subjects, or causes to be subjected, any person to the deprivation of any rights, privileges, or immunities secured by the United States Constitution and laws, shall be liable to the party injured.

86. The Town was acting under the color of law.

87. At the time of the Town's actions complained of herein, there were federal laws clearly establishing Mr. Luzinski's rights to be free from retaliation for complaining about racial discrimination, including 42 U.S.C. § 2000d, Title VI, and the Town was aware of these rights.

88. Title VI protects Mr. Luzinski from retaliation for complaining about racial discrimination. Title VI states that no person in the United States shall be discriminated against on the basis of race, color, or national origin by an entity receiving Federal financial assistance. It provides a private right of action for disparate treatment claims of racial discrimination.

89. The Town and its Police Department receive Federal financial assistance.

90. Mr. Luzinski brings his Title VI claim of disparate treatment per 42 U.S.C. § 1983.

91. The Town knew Mr. Wilson was taking materially adverse actions against Mr. Luzinski in retaliation for Mr. Luzinski opposing racial discrimination. The Town approved, condoned and/or ratified the materially adverse actions taken against Mr. Luzinski by Mr. Wilson.

92. The foregoing conduct constitutes intentional illegal discrimination prohibited by Title VI.

93. The unlawful actions taken against Mr. Luzinski, as alleged herein, were taken in malicious, willful, wanton, reckless indifference to, and reckless disregard of Mr. Luzinski's rights as guaranteed by Title VI.

94. As a direct, foreseeable, and proximate result of the Town's intentional illegal discriminatory conduct complained of herein, Mr. Luzinski suffered financial losses, injuries, and other damages, including, but not limited to, emotional distress and damage to his reputation. These injuries and damages continue into the present and will continue into the foreseeable future.

95. Mr. Luzinski requests relief as hereinafter provided.

### FIFTH CAUSE OF ACTION
### (NEGLIGENT HIRING, TRAINING AND SUPERVISION OF EMPLOYEES AGAINST TOWN OF BELOIT, WISCONSIN)

96. Mr. Luzinski incorporates here all paragraphs alleged above.

97. The Town had a duty to exercise reasonable care in the hiring, training, and supervision of its employees Mr. Museus and Mr. Wilson. This duty includes the responsibility

to make certain the Town's employees are properly trained in equal employment laws. This duty also includes properly monitoring and supervising employees to make certain employees are complying with equal employment laws. The Town had this duty, in part, because it was foreseeable that employees, including Mr. Museus and Mr. Wilson, entrusted with supervision and discipline of subordinate employees, including Mr. Luzinski, if not properly trained and supervised would cause the type of harm experienced by Mr. Luzinski.

98. Mr. Wilson retaliated against Mr. Luzinski, including effectively demoting him and creating a hostile work environment. Mr. Museus took no remedial steps and allowed Mr. Wilson to take these and other materially adverse actions against Mr. Luzinski. This is a cause-in-fact of Mr. Luzinski's injuries and other damages.

99. The Town breached its duties to Mr. Luzinski by negligently hiring, and negligently failing to train and supervise its employees Mr. Museus and Mr. Wilson. The Town's breach of its duties is causally connected to its employees' illegal actions against Mr. Luzinski, which caused the herein complained of injuries and damages.

100. The Town's breach of its duty to hire competent staff, to appropriately train them, and to properly supervise their work directly and proximately caused and/or resulted in the alleged harms and damages to Mr. Luzinski.

101. Furthermore, and in the alternative, the Town was negligent and is liable for the negligent acts and/or omissions of its employees because the Town knew or should have known that its employees would subject Mr. Luzinski to an unreasonable risk of harm without proper training and/or supervision. The Town knew or should have known this because it was aware

and had notice of prior incidents, and, therefore, had reason to anticipate the complained of conduct.

102.    The Town had a special opportunity to prevent the harm to Mr. Luzinski because members of the police union appeared at a Town Board meeting and complained of retaliation by Mr. Wilson.

103.    As a direct, foreseeable, and proximate result of the Town's negligent hiring, training and supervision of Mr. Museus and Mr. Wilson, Mr. Luzinski suffered injuries and damages, including, but not limited to, emotional distress and damage to his reputation. These injuries and damages continue into the present and will continue into the foreseeable future.

104.    Mr. Luzinski requests relief as hereinafter provided.

## RELIEF REQUESTED

WHEREFORE, Mr. Luzinski respectfully requests this honorable Court enter judgment for him on his Complaint against Defendants, jointly and severally, and provide the following relief:

A.    A declaratory judgment that the practices complained of herein are unlawful and violate 42 U.S.C. §§ 1981, 1983, and 1988, Title VI, Title VII, and State laws, and an injunction prohibiting Defendants from violating these laws;

B.    An order that any and all adverse information inserted into his personnel file(s) by Mr. Wilson and/or Mr. Museus be purged from his personnel file(s);

C.    An order re-instating him into his position as detective, with all previous assignments, duties and benefits;

D.  An order that Defendants pay, jointly and severally, all damages Mr. Luzinski sustained as a result of Defendants' illegal conduct, including, but not limited to, compensatory damages for lost wages and benefits, damages to his reputation, lost promotional opportunities, anxiety, emotional distress, humiliation, embarrassment, and mental anguish, plus pre- and post-judgment interest and other statutory penalties, plus punitive damages;

E.  Costs of action incurred herein, including reasonable attorneys' fees and expert fees to the extent available under Federal and State laws;

F.  Retain jurisdiction over this action to assure full compliance with the Orders of the Court; and

G.  Such other and further legal and equitable relief as this Court deems just and reasonable under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated this 24th day of September, 2010.

> */s/ Anne T. Sulton*
> Anne T. Sulton
>
> Mailing Address:
> Sulton Law Offices
> Post Office Box 371335
> Milwaukee, Wisconsin 53237
> Telephone: (360) 870-6000
> E-mail: annesulton@gmail.com
>
> **Plaintiff's Attorney**